UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MALIK SHABAZZ                                      CIVIL ACTION NO. 18-0124

                                                   SECTION P

VS.

                                                   JUDGE TERRY A. DOUGHTY

KEVIN WYLES, ET AL.                                MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Malik Shabazz, an inmate at the Caldwell Correctional Center, filed the instant

pro se and in forma pauperis Complaint on January 31, 2018.  Proceeding under 42 U.S.C. §

1983, Plaintiff alleges constitutional violations against Defendants Kevin Wyles, Stacey

Kaderka, Butch Hatten, Michael Crain, Teresa Corley, Gabel Morton, Regina Beckly, Clayton

Spires, and Sgt. Caroll in their individual and official capacities.  He seeks a temporary

restraining order, a preliminary injunction, final injunctive relief, a declaratory judgment,

compensatory damages, and punitive damages.  Plaintiff also moves to certify a class of

allegedly similarly situated inmates with claims common to his.

This matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the

following reasons it is recommended that Plaintiff's motion for class certification and motion for

temporary restraining order be **DENIED**.[1]

## Statement of the Case

Plaintiff alleges that Defendants retaliated against him for filing a "Prison Rape

_____

[1]  Plaintiff sets forth additional claims in his Complaint that are not subject to the instant
Report and Recommendation.  The undersigned directed the Clerk of Court, in a separate
Memorandum Order, to serve Plaintiff with summons forms for the additional claims.

Elimination Act" complaint, an inadequate access to court grievance, and a sexual harassment grievance. He alleges, specifically, that on February 24, 2017, Defendants Beckly, Morton, and Spires entered his housing unit, and Beckly sprayed an unknown chemical agent into his face and eyes, causing "burning and injury." Plaintiff then attempted to "block the spray [and] turn and run away but was tackled by Defendant Spires . . . ." While he was "face down on [the] ground with both hands behind his back, Defendant Morton shot [him] in his back twice with his Taser-gun . . . leaving two permanent scars . . . ."

Defendant Spires then handcuffed Plaintiff, cutting off circulation to his hands, resulting in numbness "to this day," and causing permanent scars. Defendants escorted Plaintiff to an off-camera bathroom, and Defendant Beckly sprayed him with the chemical agent again. Defendants Beckly, Morton, and Spires also kicked him in the back and ribs.

Defendants abandoned Plaintiff for at least one hour while his face and eyes were burning and bleeding. Defendants then allowed Plaintiff to wash his face with water only, which reactivated and intensified the burning. Defendants placed Plaintiff in administrative segregation and ordered him to take off all of his clothing. He was given only one pair of paper shorts to wear and was "compelled to remain in the cell under frigid temperatures believed to be below 60 [degrees] . . . from Friday (2/24/17) until Sunday night (2/28/17) . . . ."

Plaintiff was then transferred to a suicide cell and remained in administrative segregation from February 24, 2017, to March 28, 2017, without ever receiving a disciplinary report, hearing, or notice of a rule violation. While in the suicide cell, Plaintiff could not send or receive mail, use a telephone, or contact anyone.

On February 27, 2017, Plaintiff requested medical attention for pain to his head, back,

wrist, and hand, but Defendant Corley refused to administer aid. "[A]s of this day, Corley fail[ed] to respond to all medical requests regarding the pain" from the initial injuries inflicted on February 24, 2017. Plaintiff continues to experience migraine headaches, back pain, and numbness from nerve damage.

Plaintiff also alleges that Beckly gave all of his personal property to other inmates, that Defendant Caroll strip searched him in the presence of female officers, and that, while searching him, Caroll made sexually harassing comments.

Plaintiff seeks a temporary restraining order and preliminary injunction to enjoin Defendants from refusing medical care, preventing access to the courts, and destroying video footage. He also seeks $20,000,00.00 in compensatory damages and $15,000.00 in punitive damages.

## **Law and Analysis**

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Temporary Restraining Order**

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Further, under Federal Rule of Civil Procedure 65(b), a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Here, Plaintiff is not entitled to a temporary restraining order because he makes no allegation that he will suffer *immediate*, irreparable injury before Defendants can be heard. Accordingly, Plaintiff's motion should be denied.[2]

**3. Class Certification**

Plaintiff seeks to certify a class of allegedly similarly situated inmates with claims common to his. In order for a lawsuit to be certified as a class action under Federal Rule of Civil

---

[2] The Court will address Plaintiff's request for a preliminary injunction following Defendants' appearances.

5

Procedure 23, the mover must prove that the four prerequisites found in Rule 23(a) and the two additional requirements in Rule 23(b) are met. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999). Under FED. R. CIV. P. 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality, and adequacy of representation. *Mc.Grew v. Texas Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The requirements for Rule 23(b) "are 'predominance' and 'superiority': 'Common questions must predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Mullen*, 186 F.3d at 624, citing *Anchem Products v. Windsor*, 521 U.S. 591 (1997). Courts have wide discretion in deciding whether to certify a proposed class. *McGrew*, 47 F.3d at 161.

Here, Plaintiff should not be permitted to litigate his claims as a class action. First, Plaintiff makes no effort to demonstrate that he would be an adequate representative. The Fifth Circuit has recognized that "[t]he adequacy requirement mandates an inquiry into [1] the zeal and competence of the representative's counsel and . . . [2] the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees[.]" *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Further, "it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Id.* at 482-83. Thus, the class representative must possess a sufficient level of knowledge and understanding to be capable of "controlling" or "prosecuting" the litigation. *Id.* (citation omitted).

Courts have recognized, however, that a pro se prisoner is not adequate to represent the

interests of his fellow inmates in a class action.  See *Caputo v. Fauver*, 800 F. Supp. 168, 169–170 (D.N.J. 1992); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); see also *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995).  As one judge observed:

> [b]ecause a lay person ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts usually will not certify a class represented by a pro se litigant. Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others.

*James v. Corr. Corp. of Am.*, 2011 WL 6965799, n.1 (W.D. La. Dec. 7, 2011) report and recommendation adopted, 2012 WL 45410 (W.D. La. Jan. 9, 2012) (citations omitted).

Further, Plaintiff  has not sufficiently alleged or demonstrated that the class of putative plaintiffs is so numerous that a class action suit would be the only adequate manner to resolve the claims.

Having determined that Plaintiff does not satisfy all of Rule 23(a)'s prerequisites, progression to the second stage is unnecessary.  Nonetheless, the Court further observes that Plaintiff has not satisfied the requirements for Rule 23(b)(2), which mandate that "(1) the class members must have been harmed in essentially the same way . . .  [and] (2) the injunctive relief sought must be specific."  *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 845 (5th Cir. 2012) (internal citations and quotation marks omitted).  As the Supreme Court remarked:

> [t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.  In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.  It does not authorize class certification when each individual class member would be entitled to a different

injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (emphasis in original) (internal quotation marks and citations omitted).

In the instant case, Plaintiff requested compensatory damages, which presumably will be tailored to his own individual damages. Rule 23(b)(2), however, does not authorize a combination of individualized and class-wide relief. *Dukes, supra*. Moreover, even if (because of the administrative exhaustion requirement), Plaintiff's claims on behalf of the proposed class were necessarily limited to prospective injunctive relief,[3] Plaintiff has not demonstrated that all members of the proposed class are similarly situated such that the requested relief would benefit all equally. See e.g*., Stukenberg, supra* (prospective class deficient for attempting to aggregate a plethora of discrete claims challenging varying aspects of foster care system into one "super-claim"). As Plaintiff has not met his Rule 23 burden, his motion for class-action certification should be denied.

## <u>Recommendation</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion for temporary restraining order and motion for class certification be **DENIED**.[4]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[3] See *Lineberry v. Lappin*, 2007 WL 891237 (N.D. Tex. Mar. 22, 2007).

[4] To reiterate, the Court should retain Plaintiff's remaining claims.

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th   day of April, 2018.

Karen L. Hayes, U.S. Magistrate Judge